UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILINE DIVISION

| | |
|---|---|
| DARRYL O'BRIEN, individually and on behalf of a class of similarly situated persons<br>　　　　　　Plaintiff,<br>　　v.<br><br>ALLTRAN FINANCIAL, LP, SHERMAN ORIGINATOR III LLC and LVNV FUNDING LLC,<br>　　　　　　Defendants. | Case No.  1:20-cv-00087<br><br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

NOW COMES, DARRYL O'BRIEN, by and through his undersigned counsel, and asserts a putative class action against Defendants LVNV FUNDING LLC, SHERMAN ORIGINATOR III LLC and ALLTRAN FINANCIAL, LP:

**JURISDICTION, PARTIES AND VENUE**

1.　　This action arises under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392, *et seq.*

2.　　This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.　　This Court has supplemental jurisdiction over Plaintiff's TDCA claims pursuant to 28 U.S.C. § 1367.

4.　　DARRYL O'BRIEN ("Plaintiff") resides in this judicial district and is a citizen of the State of Texas.

5.　　Defendant ALLTRAN FINANCIAL, LP ("Alltran") is a limited partnership organized under the laws of the state of Texas and its principal place of business is located at 5800 North Course Drive, Houston, Texas.

1

6. Defendant LVNV FUNDING LLC ("LVNV") is a corporation organized under the laws of the state of Delaware and its principal place of business is located at Las Vegas, Nevada.

7. LVNV maintains a registered agent, Corporation Service Company, located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

8. LVNV is a wholly owned subsidiary of Sherman Originator LLC.

9. Sherman Originator LLC, is owned by Sherman Financial Group LLC.

10. Defendant SHERMAN ORIGINATOR III LLC ("Sherman III") is a Delaware corporation.

11. Sherman III is owned by Sherman Financial Group LLC.

12. Sherman Financial Group LLC is owned by Sherman Capital LLC.

13. Sherman III maintains a registered agent, Corporation Service Company, located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

14. Venue in this district is proper under 28 U.S.C. § 1391(b)(1) because Plaintiff resides in this district and Defendant Alltran, on behalf of Defendant LVNV, and possibly Defendant Sherman, directed debt collection activities within this district.

**FACTUAL ALLEGATIONS**

15. Synchrony Bank issued a Walmart branded MasterCard to Plaintiff.

16. The last four digits for the subject credit card account are 4853.

17. Plaintiff used the Synchrony Bank Walmart branded MasterCard to purchase personal and household items (the "Subject Debt").

18. Circumstances beyond Plaintiff's control caused him to be unable to repay Synchrony Bank.

19. Accordingly, the Subject Debt fell into a default status.

20. On January 31, 2020 Synchrony Bank informed Plaintiff that it sold Plaintiff's debt to "Sherman Originator III LLC" on January 23, 2020.

21. Sherman III purchases defaulted consumer debts from original creditors.

22. Sherman III purchases defaulted consumer debts from original creditors and resells the debts to other companies. For example, in the case of *Webb v. Midland Credit Management, Inc.*, 11-CV-5111, dkt. 84 (N.D. Ill. May 31, 2012) it was shown that Citbank sold a consumer debt to Sherman III and that Sherman III subsequently sold the subject debt to Sherman Originator LLC who then sold the debt to LVNV. *See also, Tabiti v. LVNV Funding, LLC*, 2019 U.S. Dist. LEXIS 51421, *11-*12 (N.D. Ill. Mar. 27, 2019) ("Sherman Originator III transferred 'all ownership rights' first to another entity, Sherman Originator, LLC, which in turn transferred them to LVNV. Pl.'s SUMF ¶¶ 52-54; Pl.'s Resp. to Defs.' SUMF ¶ 14, ECF No. 189. 'LVNV acquires ownership rights in debts owed to others.' Defs.' Resp. to Pl.'s SUMF ¶ 11, ECF No. 171.")

23. Sherman III never wrote to Plaintiff to inform Plaintiff whether it had sold any rights that it may have acquired relative to any right to collect the Subject Debt.

24. LVNV never wrote to Plaintiff to inform Plaintiff that it had acquired any legal right to collect the Subject Debt.

25. On or about February 6, 2020, Alltran mailed a form debt collection letter to Plaintiff in an attempt to collect the Subject Debt on behalf of LVNV.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Alltran regarded him as a "person obligated or allegedly obligated to pay" the Subject Debt when Alltran mailed a collection letter to Plaintiff dated February 6, 2020.

27. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §§ 392.001(1)-(2) as the Subject Debt was in the nature of a consumer debt as it was incurred for personal and household uses.

28. The Subject Debt is a "debt," "consumer debt" as defined by Tex. Fin. Code Ann. §392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

29. Alltran is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of its business is the collection of debt.

30. Alltran is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

31. Alltran is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) and (7).

32. Tex. Fin. Code Ann. § 392.001(6) defines "[d]ebt collector" to include a "person who . . . indirectly engages in debt collection."

33. As discussed below, Defendant Alltran acted as a "debt collector" because engaged in "debt collection" as defined by § 392.001(5) by attempting to collect the Subject Debt.

34. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of its business is the collection of debt.

35. As discussed below, LVNV acted as a "debt collector" because engaged in "debt collection" as defined by § 392.001(5) by attempting to collect the Subject Debt by and through Alltran.

36. Alternatively, Sherman III is a "debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) because it engaged in "debt collection" as defined by § 392.001(5) by attempting to collect the Subject Debt by and through Alltran..

37. LVNV is a "debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) because it engaged in "debt collection" as defined by § 392.001(5) by attempting to collect the Subject Debt by and through Alltran..

38. A true and accurate image of Alltran's February 6, 2020 form collection letter is provided below:



39. The upper right corner of Alltran's February 6, 2020 form collection letter indicated that Synchrony Bank was the "Original Creditor".

40. Next, the upper right corner of Alltran's February 6, 2020 form collection letter referred to the last four digits, 4853, of a so-called "Original Account Number".

41. The upper right corner of Alltran's February 6, 2020 form collection letter stated that "LVNV Funding LLC" was the "Current Creditor".

42. Next, the upper right corner of Alltran's February 6, 2020 form collection letter included a the phrase: "Merchant: Walmart MC".

43. After listing the so-called Merchant, the upper right corner of Alltran's February 6, 2020 form collection letter provided an Alltran ID number of 44802508.

44. Next, the upper right corner of Alltran's February 6, 2020 form collection letter identified an "Account Balance" of $4,896.19.

45. Alltran's February 6, 2020 form collection letter statement contradicts Synchrony Bank's January 31, 2020 letter to Plaintiff.

46. Plaintiff was confused by Alltran's February 6, 2020 letter because Plaintiff did not understand how LVNV purportedly became the "Current Creditor" of the Subject Debt.

47. Plaintiff's confusion caused Plaintiff to seek out legal counsel to help determine whether LVNV was the current creditor of the Subject Debt.

48. This is not the first time that Alltran and LVNV have issued a confusing collection letter. For example, in the case of *Taylor v. Alltran Fin., LP*, 2018 U.S. Dist. LEXIS 159862 (S.D. Ind. Sept. 19), Alltran lost a motion for judgment on the pleadings.

49. Alltran could have avoided any confusion if it had simply informed Plaintiff in writing that Sherman sold the Subject Debt.

50. Sherman III could have avoided any confusion if it had simply informed Plaintiff in writing that it sold the Subject Debt.

51. LVNV could have avoided any confusion if it had simply informed Plaintiff in writing that Sherman sold the Subject Debt to LVNV.

52. The issue of whether LVNV is the current owner of the subject debt is governed by the terms of any purchase agreement between Sherman III and Synchrony and any subsequent purchase agreement between Synchrony III and LVNV or any companies in the purported change of title.

53. Alltran's statement is misleading, confusing, deceptive and an constitutes unfair collection practice because Alltran's February 6, 2020 form collection letter already identified Synchrony Bank as the original creditor.

54. Alltran's February 6, 2020 form collection letter was misleading, confusing, deceptive and constitutes an unfair collection practice because Alltran's form collection letter contradicted Synchrony Bank's earlier representation regarding its sale of the Subject Debt.

55. Alltran's February 6, 2020 form collection letter states that it will "provide" Plaintiff with "the name and address of the original creditor, if different from the current creditor".

56. Alltran's February 6, 2020 form collection letter could have easily explained that LVNV had acquitted the subject debt from Sherman III *if* Sherman III actually sold the subject debt to LVNV.

57. Instead of explaining how LVNV purportedly became the so-called "Current Creditor", Alltran's February 6, 2020 form collection letter started off by saying "**Your account has been referred to this Office for Collection**" (emphasis in original).

58. Alltran's reference to the phrase "Your Account" did not serve to explain whether LVNV obtained the rights to collect the Subject Debt from Sherman III.

59. Alltran's February 6, 2020 form collection letter misleading, confusing, deceptive and constitutes an unfair collection practice because it instructed Plaintiff to "remit payment in full of any undisputed amount, payable to LVNV Funding LLC. in the enclosed envelope."

60. Nowhere did the Alltran's February 6, 2020 form collection letter identify LVNV's address. Rather, Alltran's February 6, 2020 form collection letter listed "PO BOX 4043" with an address of Concord, California.

61. Two other parts of Alltran's February 6, 2020 form collection letter listed a PO BOX of "722292" with an address in Houston, Texas.

62. Alltran's use of the phrase "remit payment in full of any undisputed amount, payable to LVNV Funding LLC. in the enclosed envelope" misleading, confusing, deceptive and constitutes an unfair collection practice because the phrase contains contradictory phrase "payment in full of any undisputed amount."

63. This phrase is not clear to an unsophisticated consumer, let alone a least sophisticated consumer.

64. Alltran's February 6, 2020 form collection letter states "a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency *by the current account owner* if you fail to fulfill the terms of your credit obligation." (Emphasis supplied).

65. The above quoted representation is misleading, confusing, deceptive and constitutes an unfair collection practice because Alltran's form collection letter uses the phrase "current account owner" where Alltran's form collection does not identify the so-called "current account owner".

66. The above quoted representation is misleading, confusing, deceptive and constitutes an unfair collection practice because Alltran's form collection letter uses the vague, misleading, confusing, deceptive and undefined phrase "credit obligation."

67. The above quoted representation is misleading, confusing, deceptive and constitutes an unfair collection practice because Alltran's form collection letter does not identify any so-called terms of your *credit obligation*

68. The above quoted representation is misleading, confusing, deceptive and an unfair collection practice because LVNV may not have the rights to enforce the so-called "credit obligation".

69. Alltran's February 6, 2020 form collection letter included the phrase "[w]e trust that your intent is to address this long overdue debt".

70. The above quoted representation is misleading, confusing, deceptive and an unfair collection practice because the Subject Debt is *not* a "long overdue debt".

71. The backside of Alltran's February 6, 2020 form collection letter contains a deceptive, confusing and misleading "PRIVACY NOTICE".

72. Alltran's PRIVACY NOTICE is confusing is a misleading, confusing, deceptive and an unfair collection practice because the PRIVACY NOTICE serves to confuse and scare consumers like Plaintiff be informing consumers that fifteen (15) so-called "Resurgent Companies" may be privy to Plaintiff's personal information regarding the Subject Debt

73. Alltran is not listed as one of the fifteen (15) so-called "Resurgent Companies".

74. The "PRIVACY NOTICE" that reads as follows:

> This Privacy Notice is being provided on behalf of each of of the following related companies (collectively the "Resurgent Companies"). It describes the general policy of the Resurgent

Companies regarding the personal information of customers and former customers.

75. A true and accurate image if the PRIVACY NOTICE is depicted below:



76. Nowhere does the PRIVACY NOTICE explain that Alltran (as a debt collector) may share information with any of the so-called Resurgent Companies.

77. The PRIVACY NOTICE relative to "Sharing Collected Information with Affiliates" is a misleading, confusing, deceptive and an unfair collection practice consumers because the PRIVACY NOTICE broadly and vaguely warns that the fifteen (15) so-called "Resurgent Companies" "may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices and applicable state law."

78. The PRIVACY NOTICE relative to "Sharing Collected Information with Third Parties" is a misleading, confusing, deceptive and an unfair collection practice consumers because the PRIVACY NOTICE broadly and vaguely warns that the fifteen (15) so-called "Resurgent Companies" may share "collected information about customers or former customer with third parties "as permitted in connection with administering and collecting accounts under the Fair Debt Collection Practices and applicable state law."

79. Plaintiff was never a "customer" of any of the so-called Resurgent Companies.

80. Defendant Alltran sent more than forty (40) similarly worded form collection letters to residents of the state of Texas in the past year.

81. In relation to each of the below accounts, Plaintiff seeks to certify the following class:

> All persons similarly situated in the State of Texas from whom Defendants attempted to collect a defaulted consumer debt allegedly owed to Defendant LVNV, via the same form collection letter that Defendant Alltran sent to Plaintiff, from one year before the date of this Complaint to the present, where the consumer debt related to a Synchrony Bank account and a Walmart MasterCard.

82. The widespread use of Alltran's February 6, 2020 form collection letter satisfies the elements of typicality and commonality.

83. The form nature of Alltran's February 6, 2020 form collection letter raises question of law and fact that are common to the putative class members.

84. Plaintiff will fairly and adequately represent the proposed classes.

85. Plaintiff shall be represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

86. A class action is superior to other available methods for fairly and efficiently adjudicating the legality of the Alltran's February 6, 2020 form collection letter.

## CLAIMS FOR RELIEF

### Violations of the FDCPA

87. The following Counts are brought against Defendant Alltran because it is a debt collectors as defined by the FDCPA.

88. The following Counts are also being brought against Defendant LVVN to the extent it is a debt collection as defined by the FDCPA through its purchase of defaulted consumer debts and in Subject Debt.

89. Alternatively, Counts are also being brought against Defendant Sherman III to the extent it is a debt collection as defined by the FDCPA through its purchase of defaulted consumer debts and in Subject Debt.

**Count I - Violations of 15 U.S.C. §§ 1692e**

90. Plaintiff hereby adopts and incorporates Paragraphs 1 through 89 as if fully set forth in this Count.

91. Section 1692e prohibits a debt collector from "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

92. As set forth above, Defendant Alltran's February 6, 2020 collection letter violated Section 1692e of the FDCPA.

93. As set forth above, if Defendant LVNV is the current creditor of the subject Debt, Defendant LVNV violated Section 1692e of the FDCPA by and through Alltran's use of its February 6, 2020 collection letter.

94. As set forth above, if Defendant Sherman III is the current creditor of the subject Debt, Defendant Sherman III violated Section 1692e of the FDCPA by and through Alltran's use of its February 6, 2020 collection letter.

WHEREFORE, Plaintiff requests that this Honorable Court award the following relief:

A. Declare that Defendants violated 15 U.S.C. § 1692e;

B. Certify the proposed class;

C. award statutory damages to Plaintiff and the putative class members; and

D. award the costs of this action, together with a reasonable attorney's fee as determined by this Court.

**Count II - Violation(s) of 15 U.S.C. § 1692e(2)(A)**

95. Plaintiff hereby adopts and incorporates Paragraphs 1 through 89 as if fully set forth in this Count.

96. It is a violation of Section 1692e(2)(A) of the FDCPA for a debt collector to make a "false representation of (A) the character . . . or legal status of any debt".

97. As set forth above, Defendant Alltran's February 6, 2020 collection letter violated Section 1692e(2)(A) of the FDCPA.

98. As set forth above, if Defendant LVNV is the current creditor of the subject Debt, Defendant LVNV violated Section 1692e(2)(A) of the FDCPA by and through Alltran's use of its February 6, 2020 collection letter.

99. As set forth above, if Defendant Sherman III is the current creditor of the subject Debt, Defendant Sherman III violated Section 1692e(2)(A) of the FDCPA by and through Alltran's use of its February 6, 2020 collection letter.

WHEREFORE, Plaintiff requests that this Honorable Court award the following relief:

  A. Declare that Defendants violated 15 U.S.C. § 1692e(2)(A);

  B. Certify the proposed class;

  C. award statutory damages to Plaintiff and the putative class members; and

  D. award the costs of this action, together with a reasonable attorney's fee as determined by this Court.

**Count III - Violation(s) of 15 U.S.C. § 1692e(10)**

100. Plaintiff hereby adopts and incorporates Paragraphs 1 through 89 as if fully set forth in this Count.

101. Section 1692e(10) of the FDCPA prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

102. As set forth above, Defendant Alltran's February 6, 2020 collection letter violated Section 1692e(10) of the FDCPA.

103. As set forth above, if Defendant LVNV is the current creditor of the subject Debt, Defendant LVNV violated Section 1692e(10) of the FDCPA by and through Alltran's use of its February 6, 2020 collection letter.

104. As set forth above, if Defendant Sherman III is the current creditor of the subject Debt, Defendant Sherman III violated Section 1692e(10) of the FDCPA by and through Alltran's use of its February 6, 2020 collection letter.

WHEREFORE, Plaintiff requests that this Honorable Court award the following relief:

  A. Declare that Defendants violated 15 U.S.C. § 1692e(10);

  B. Certify the proposed class;

  C. award statutory damages to Plaintiff and the putative class members; and

    D.    award the costs of this action, together with a reasonable attorney's fee as determined by this Court.

**Count IV - Violation(s) of 15 U.S.C. § 1692f**

105. Plaintiff hereby adopts and incorporates Paragraphs 1 through 89 as if fully set forth in this Count.

106. Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means" to collect a debt.

107. As set forth above, Defendant Alltran's February 6, 2020 collection letter violated Section 1692f of the FDCPA.

108. As set forth above, if Defendant LVNV is the current creditor of the subject Debt, Defendant LVNV violated Section 1692f of the FDCPA by and through Alltran's use of its February 6, 2020 collection letter.

109. As set forth above, if Defendant Sherman III is the current creditor of the subject Debt, Defendant Sherman III violated Section 1692f of the FDCPA by and through Alltran's use of its February 6, 2020 collection letter.

WHEREFORE, Plaintiff requests that this Honorable Court award the following relief:

    A.    Declare that Defendants violated 15 U.S.C. § 1692f;

    B.    Certify the proposed class;

    C.    award statutory damages to Plaintiff and the putative class members; and

    D.    award the costs of this action, together with a reasonable attorney's fee as determined by this Court.

**Count V - Violation(s) of 15 U.S.C. § 1692g(a)(2)**

110. Plaintiff hereby adopts and incorporates Paragraphs 1 through 89 as if fully set forth in this Count.

111.    Section 1692g(a)(2) of the FDCPA requires debt collectors to provide consumers with "a written notice containing . . . (2) the name of the creditor to whom the debt is owed."

112.    As set forth above, if Defendant Sherman (and not LVNV) is the creditor to whom the Subject Debt is owed, Defendant Alltran violated Section 1692g(a)(2) of the FDCPA by failing to identify the proper name of the creditor to whom the debt is owed."

113.    As set forth above, if Defendant Sherman (and not LVNV) is the creditor to whom the Subject Debt is owed, Defendant LVNV violated Section 1692g(a)(2) of the FDCPA by and through Alltran's use of its February 6, 2020 collection letter.

114.    As set forth above, if Defendant Sherman III is the current creditor of the subject Debt, Defendant Sherman III violated Section 1692g(a)(2) of the FDCPA by and through Alltran's use of its February 6, 2020 collection letter.

WHEREFORE, Plaintiff requests that this Honorable Court award the following relief:

A.   Declare that Defendants violated 15 U.S.C. § 1692g(a)(2);

B.   Certify the proposed class;

C.   award statutory damages to Plaintiff and the putative class members; and

D.   award the costs of this action, together with a reasonable attorney's fee as determined by this Court.

## Violations of the TDCA

115.    The following Counts are brought against Defendant Alltran as it is a debt collector as this term is defined by Section 392.001(7) of the TDCA.

116.    The following Counts are brought against Defendants LVNV and/or Defendant Sherman III to the extent they are debt collectors as defined by Section 392.001(6) of the TDCA.

**Count VI - Violations of Section 392.304 of the TDCA**

117. Plaintiff hereby adopts and incorporates Paragraphs 1 through 84 and 115-116 as if fully set forth in this Count.

118. Section 392.304 of the TDCA provides that "a debt collector may not use a fraudulent, deceptive, or misleading representation….."

119. As set forth above, Defendant Alltran's February 6, 2020 collection letter violated Section 392.304 of the TDCA.

120. As set forth above, if Defendant LVNV is the current creditor, it violated Section 392.304 of the TDCA by and through Alltran's use of its February 6, 2020 collection letter.

121. Alternatively, if Defendant Sherman III is the current creditor, it violated Section 392.304 of the TDCA by and through Alltran's use of its February 6, 2020 collection letter.

WHEREFORE, Plaintiff requests that this Honorable Court award the following relief:

A.   Declare that Defendants violated 392.304 of the TDCA;

B.   Certify the proposed class;

C.   award statutory damages to Plaintiff and the putative class members; and

D.   award the costs of this action, together with a reasonable attorney's fee as determined by this Court.

**Count VII – Violation of Section 392.304(8) of the TDCA**

122. Plaintiff hereby adopts and incorporates Paragraphs 1 through 85 and 115-116 as if fully set forth in this Count.

123. Section 392.304(8) of the TDCPA, prohibits a debt collector from "misrepresenting the character . . . of a consumer debt…"

124. As set forth above, Defendant Alltran's February 6, 2020 collection letter violated Section 392.304(8) of the TDCA.

125. As set forth above, if Defendant LVNV is the current creditor, it violated Section 391.304(8) of the TDCA by through Alltran's use of its February 6, 2020 collection letter.

126. Alternatively, if Defendant Sherman III is the current creditor, it violated Section 392.304(8) of the TDCA by and through Alltran's use of its February 6, 2020 collection letter.

WHEREFORE, Plaintiff requests that this Honorable Court award the following relief:

A. Declare that Defendants violated 392.304(8) of the TDCPA;

B. Certify the proposed class;

C. award statutory damages to Plaintiff and the putative class members; and

D. award the costs of this action, together with a reasonable attorney's fee as determined by this Court.

**Count VIII - Violation of Section 392.304(14) of the TDCA**

127. Plaintiff hereby adopts and incorporates Paragraphs 1 through 85 and 115-116 as if fully set forth in this Count.

128. Section 391.304(14) of the TDCA, prohibits a debt collector from "representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business".

129. As set forth above, the PRIVACY NOTICE Defendant Alltran's February 6, 2020 collection letter violated Section 391.304(14) of the TDCA.

130. As set forth above, if Defendant LVNV is the current creditor, it violated Section 392.304(14) of the TDCA by and through Alltran's use of its February 6, 2020 collection letter.

131. Alternatively, if Defendant Sherman III is the current creditor, it violated Section 392.304(14) of the TDCA by and through Alltran's use of its February 6, 2020 collection letter.

WHEREFORE, Plaintiff requests that this Honorable Court award the following relief:

A. Declare that Defendants violated 392.304(19) of the TDCPA;

B. Certify the proposed class;

C. award statutory damages to Plaintiff and the putative class members; and

D. award the costs of this action, together with a reasonable attorney's fee as determined by this Court.

## Count VIII - Violation of Section 392.304(19) of the TDCA

132. Plaintiff hereby adopts and incorporates Paragraphs 1 through 85 and 115-116 as if fully set forth in this Count.

133. Section 391.304(19) of the TDCA, prohibits a debt collector from "using any other false representation or deceptive means to collect a debt".

134. As set forth above, Defendant Alltran's February 6, 2020 collection letter violated Section 391.304(19) of the TDCA.

135. As set forth above, if Defendant LVNV is the current creditor, it violated Section 392.304(19) of the TDCA by and through Alltran's use of its February 6, 2020 collection letter.

136. Alternatively, if Defendant Sherman III is the current creditor, it violated Section 392.304(19) of the TDCA by and through Alltran's use of its February 6, 2020 collection letter.

WHEREFORE, Plaintiff requests that this Honorable Court award the following relief:

A. Declare that Defendants violated 392.304(19) of the TDCPA;

B. Certify the proposed class;

C. award statutory damages to Plaintiff and the putative class members; and

D. award the costs of this action, together with a reasonable attorney's fee as determined by this Court.

**Plaintiff demands a jury on all counts.**

Date: 4/30/2020

/s/ James C. Vlahakis
James C. Vlahakis, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
jvlahakis@sulaimanlaw.com

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
atylor@sulaimanlaw.com

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com

/s/ Omar T. Sulaiman
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
osulaiman@sulaimanlaw.com